**KIRSCH GARTENBERG HOWARD** <sup>LLP</sup>
*Attorneys for Plaintiff*
Two University Plaza, Suite 400
Hackensack, New Jersey 07601
201.488.4644
thoward@kghlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X
JAMES MISSIRIS,
                Plaintiff,

    -against-

THOMAS Y. CHUN, M.D., ENGLEWOOD     **COMPLAINT with JURY DEMAND**
HOSPITAL & MEDICAL CENTER, and JOHN or
JANE DOES 1-10 (the aforesaid being fictitious and     **Docket No.**
their true names being unknown),

                Defendants.
-------------------------------------------------------------X

       Plaintiff James Missiris, by his attorneys, alleges for his complaint against defendants:

**THE PARTIES**

       1.    Plaintiff James Missiris is an individual residing at 5 Regina Court, Blauvelt, NY 10913.

       2.    Defendant Thomas Y. Chun, M.D. is an urologist licensed in the State of New Jersey and operating a medical practice at 300 Grand Street, Suite 202, Englewood, New Jersey.

       3.    Defendant Englewood Hospital and Medical Center is a hospital located at 350 Engle Street, Englewood, New Jersey 07631.

4.  Defendants John or Jane Does 1-10 are physicians, nurse practitioners, nurses, physician assistants or other health care providers who provided medical care to plaintiff James Missiris, but whose identities are not presently known to plaintiff.

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

2.  This Court has personal jurisdiction for the reason that defendants Chun and Englewood conduct business and/or maintain principal places of business and corporate offices in New Jersey and the events giving rise to this claim occurred in New Jersey.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 for the reason that the events giving rise to this claim occurred in New Jersey.

### CLAIM FOR NEGLIGENCE

1.  From 2007 through 2011, defendant Chun treated plaintiff for kidney stones and atrophy of his right kidney, which became non-functional. On November 26, 2011, plaintiff presented to Englewood Hospital and was diagnosed with sepsis. Testing revealed a stone in the left kidney. On November 29, 2011, defendant Chun deviated from the standard of care by performing a surgical procedure at Englewood Hospital that was inappropriate given the plaintiff's medical history of which he was aware, rather than performing the alternative and appropriate procedure recommended by the infectious disease physician who evaluated plaintiff and diagnosed the sepsis. Through this conduct, defendant Chun deviated from accepted standard of care and treatment by failing to render the appropriate care to plaintiff given his medical history, therefore causing plaintiff unnecessary physical harm; failing to properly assess the treatment opportunities available for addressing plaintiff's medical condition; failing to

obtain the informed consent of plaintiff for the operative procedure defendant Chun performed; and otherwise deviating from accepted standards of medical care in the treatment of plaintiff James Missiris.

2. At all relevant times, defendant Chun provided negligent services and deviated from the applicable standard of care with respect to plaintiff James Missiris, causing the damages, losses and injuries set forth in the Complaint.

3. Defendant Englewood Hospital was negligent in the support and assistance it provided to defendant Chun in connection with defendant Chun's malpractice as specified herein. By accepting plaintiff James Missiris into its facility for the purpose of providing medical treatment, defendant Englewood Hospital and Medical Center undertook to provide plaintiff with medical treatment in accordance with the applicable standard of care.

4. Defendants John and Jane Does were negligent in the support and assistance they provided to defendant Chun in connection with defendant Chun's malpractice as specified herein.

5. At all relevant times, defendant John or Jane Does 1-10 were and are agents, officers, servants and employees who are and were members of the staff of, or have practice privileges at, defendant Englewood Hospital and Medical Center, and who provided negligent services and deviated from the applicable standard of care with respect to plaintiff James Missiris causing the damages, losses and injuries set forth in the Complaint, while acting in the course and scope of such employment.

6. At all relevant times, defendants stood in such a relationship with each other in their care and treatment of Plaintiff James Missiris so as to make each liable for the acts and/or omissions of the other defendants.

7. At all relevant times, plaintiff James Missiris received hospital and nursing care, treatment, examination, and surgical procedures and/or operations at the defendant Englewood Hospital and Medical Center through its physicians, nurses, agents, servants, employees, associates and subcontractors, including defendant Chun.

8. Defendants individually and collectively had a duty to exercise the degree of care and skill in the treatment of plaintiff in accordance with generally accepted medical standards of care and skill used by physicians, nurse practitioners, nurses and other medical personnel in examining and treating persons such as plaintiff.

9. As a direct and proximate result of the medical malpractice of defendants, plaintiff has suffered great pain, agony, injury and suffering, causing plaintiff further medical treatment, hospitalization and surgery, incurring further medical bills and other pecuniary and financial losses and disabling plaintiff from normal activities, as well as mental anguish and emotional distress.

WHEREFORE, plaintiff James Missiris prays for judgment against defendants jointly and severally, for compensatory and future damages for pain, suffering and emotional distress with interest, costs of suit and attorney's fees, and such other relief as is proper.

### CLAIM FOR LACK OF INFORMED CONSENT

1. Plaintiff repeats and reiterates every paragraph of the First Count above, as if fully set forth herein.

2. Defendants and their agents, servants, and employees failed to inform plaintiff of the risks, hazards, and alternatives to the treatment proposed and rendered, in consequence of which defendants failed to obtain informed consent thereto.

3. A reasonably prudent person in the position of plaintiff would not have undergone the treatment and care rendered as set forth above had he been fully informed.

4. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions, and damages for which recovery is sought.

5. As a direct and proximate result of the aforesaid lack of informed consent, plaintiff has suffered great pain, agony, injury and suffering, causing plaintiff further medical treatment, hospitalization and surgery, incurring further medical bills and other pecuniary and financial losses and disabling plaintiff from normal activities, as well as mental anguish and emotional distress.

WHEREFORE, plaintiff James Missiris prays for judgment against defendants jointly and severally, for compensatory and future damages for pain, suffering and emotional distress with interest, costs of suit and attorney's fees, and such other relief as is proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### CERTIFICATION OF NO OTHER ACTION

The undersigned certifies pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(C)

The undersigned certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: November 19, 2013

KIRSCH GARTENBERG HOWARD LLP
*Attorneys for Plaintiffs*

By: s/Thomas S. Howard

S:\H\Missiris 4247-000\pleadings\Complaint.docx