UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES MISSIRIS,** | Civil Action No. 13-7029 (MCA) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **THOMAS Y. CHUN, M.C., et al.,** | |
| Defendants. | |

**CLARK, United States Magistrate Judge**

**THIS MATTER** having been opened by the Court *sua sponte* based on Plaintiff's failure to prosecute his case and comply with Court Orders. For the reasons that follow, it is respectfully recommended that the case be **dismissed without prejudice**.

**BACKGROUND**

On November 19, 2013, Plaintiff James Missiris ("Plaintiff") filed a Complaint against Defendants Thomas Y. Chun, M.D., Englewood Hospital & Medical Center, and John or Jane Does 1-10 (collectively "Defendants"). [Dkt. No. 1]. On March 12, 2014, the Court conducted an initial conference with counsel and entered a scheduling order. [Dkt. No. 16]. On December 10, 2014, Plaintiff's attorney filed a Motion to Withdraw. [Dkt. No. 25]. On December 11, 2014, the Court entered an Order granting Plaintiff until December 31, 2014 to oppose Plaintiff's Counsel's Motion to Withdraw, obtain new counsel, or indicate whether Plaintiff intended to proceed *pro se*, or to voluntarily dismiss his action. [Dkt. No. 26]. Plaintiff failed to respond to this Court's Order. On January 8, 2015, counsel for all parties participated in a telephone conference with the Court to address Plaintiff's Counsel's Motion to Withdraw and Plaintiff's non-

1

participation in the matter.  The Court advised Plaintiff's Counsel to submit an Affidavit confirming that Plaintiff was served with the Court's December 11, 2014 Order and detailing any other efforts to keep Plaintiff aware of the case.  On January 8, 2015, Plaintiff's Counsel filed an Affidavit with proof that Plaintiff was served with a copy of the Court's Order on December 15, 2014 via First Class Mail and Certified Mail, Return Receipt Requested.  [Dkt. No. 28, Ex. 5].

On January 9, 2015, as a result of Plaintiff's failure to respond to this Court's Order and prosecute this action, the Court entered an Order to Show Cause.  [Dkt. No. 29].  The Order required Plaintiff to appear in person before the Court on February 10, 2015 at 2:00 PM to show cause why this action should not be dismissed for failure to prosecute and to submit a position paper by February 2, 2015 outlining why his case should not be dismissed.  [*Id.*].  Counsel for Defendants were ordered to serve a copy of the Order to Show Cause by regular mail and certified mail, return receipt requested to Plaintiff at 5 Regina Court, Blauvelt, New York 10913.  [*Id.*]. The Court also granted Plaintiff's Counsel's Motion to Withdraw.  [*Id.*].

Plaintiff failed to submit a position paper to this Court and also failed to make the requisite appearance at the Court's February 10, 2015 hearing.  During the hearing, counsel for both Defendants represented to the Court that they served Plaintiff at 5 Regina Court, Blauvelt, New York 10913 with the Order to Show Cause by regular mail and certified mail, return receipt requested, which went unclaimed.  Defendants also testified that they received no response from Plaintiff.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case.  *See* FED. R. CIV. P. 37(b)(2), 41(b).

In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P 41(b). *See Iseley v. Bitner,* 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Each factor will be discussed in turn.

### 1. The Extent of the Party's Personal Responsibility

In this case it appears that Plaintiff is solely responsible for his failure to comply with Court Orders and to prosecute his case. Plaintiff has failed to meet Court imposed deadlines and/or submit paperwork and has likewise failed to appear at the Order to Show Cause hearing. By failing to comply with Court Orders, Plaintiff has demonstrated its unwillingness to prosecute this action which warrants dismissal.

### 2. Prejudice to Defendants

Plaintiff's refusal to participate in advancing his case and to comply with Court Orders has caused manifest injustice to Defendants. Plaintiff initiated this action and has failed to participate

3

since the end of 2014.  Plaintiff's actions, or lack thereof, supports dismissal.  *See, e.g.*, *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

### 3. History of Dilatoriness

Plaintiff has a history of dilatoriness.  For example, Plaintiff failed to respond to this Court's December 11, 2014 Order.  Furthermore, Plaintiff failed to submit a position paper and to appear for the Order to Show Cause hearing as required by this Court's January 9, 2015 Order is especially telling because the Order specifically required Plaintiff to identify reasons why his case should not be dismissed for failure to prosecute.  Plaintiff's inaction in this regard further supports dismissal of his claim.

### 4. Willfulness or Bad Faith

The Court will not conclude that Plaintiff has proceeded in bad faith.  However, Plaintiff's conduct has been willful.  Plaintiff has been willfully unresponsive to Court proceedings and to Court Orders.  These circumstances, when taken as a whole, suggest that Plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

### 5. Effectiveness of Alternative Sanctions

The record of unresponsiveness suggests that alternative sanctions would be futile.  Despite numerous chances, and despite this Court's warning of the consequences of Plaintiff's continued inaction, Plaintiff has failed to participate in and prosecute his case.  On these facts, no alternative sanction would be effective.  *See Joyce v. Cont'l Airlines, Inc.*, No. 09-2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

### 6. Meritoriousness of the Claims.

At this juncture, the Court is unable to determine the meritoriousness of Plaintiff's claim.

In sum, Plaintiff has ignored a Court Order to make an appearance to show cause why his case should not be dismissed, which further demonstrates a pattern of non-compliance and dilatoriness. This establishes Plaintiff's failure to adequately prosecute this matter which he initiated against Defendants.

## CONCLUSION

The Court having considered this matter pursuant to Fed. R. Civ. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **11th** day of **February, 2015**,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).  Parties are advised that they may file an objection within fourteen (14) days of the date of this Order in accordance with 28 U.S.C. § 636 and L. Civ. R. 72.1.

Counsel for Defendants are **ORDERED** to serve a copy of this Report and Recommendation forthwith by regular mail and certified mail, return receipt requested to Plaintiff at 5 Regina Court, Blauvelt, New York 10913.

The Clerk's Office is **ORDERED** to serve a copy of this Report and Recommendation to Plaintiff at Plaintiff at 5 Regina Court, Blauvelt, New York 10913.

  s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**